# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00624-RJC-DSC

| | |
|---|---|
| **DARNELL WINSTON WALKER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **ROBERT WILKIE, SECRETARY OF** | ) |
| **VETERANS AFFAIRS,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss or, in the alternative, Motion for Summary Judgment" (Doc. 15), pro se Plaintiff's "Motion to Defer, Motion to Dismiss . . . Motion for Summary Judgment . . ." (Doc. 19), and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned denies Plaintiff's "Motion to Defer." The undersigned respectfully recommends that Defendant's "Motion to Dismiss" be granted, as discussed below.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 2018, pro se Plaintiff filed this action alleging (1) unequal terms and conditions of employment (2) retaliation, and (3) hostile work environment in violation of Title VII of the Civil Rights Act of 1964 based upon race and gender. Plaintiff is an African American

female. The Complaint names Plaintiff's employer, the U.S. Department of Veterans Affairs, as Defendant.

Plaintiff requested informal EEO counseling on March 11, 2016. On April 5, 2016, she filed a formal EEO Complaint No. 2004-0659-2016102631.

Plaintiff is a GS-11 grade Veterans Integrated Service Network 6 Telehealth Data Analyst/ Management Coordinator at the Veterans Affairs Medical Center in Salisbury, North Carolina. Plaintiff's job duties include data analysis, reports, preparing presentations, evaluating processes, Telehealth staff training, and organizational trend analysis.

Accepting the allegations of the Complaint as true, on December 20, 2015, Plaintiff received notice and approved changes to her annual evaluation that included patient care duties. Plaintiff alleges that these duties are not part of her job description.

On February 17, 2016, Dr. Robert Morris, Chief of the Teleretinalogy Service, revised Plaintiff's annual performance evaluation to include a critical analysis element. On February 18, 2016, Dr. Morris assigned Plaintiff work that she perceived to be clerical.

On June 14, 2016, Dr. Morris met with Plaintiff's supervisor, Ms. Terndrup, and stated that Plaintiff was not a team player. On June 29, 2016, Dr. Morris met with Plaintiff's supervisor and stated that Plaintiff failed to include a key data indicator on a project she was assigned to complete.

On September 15, 2017, Plaintiff submitted a request for a "Different Geographic Location" in Emporia, Virginia. The request was granted on November 8, 2017. Approval was delayed beyond the twenty-day requested time frame because of the comments Dr. Morris made to Plaintiff's supervisor about her poor job performance.

Based upon Plaintiff's initial and amended EEO Complaint, an Administrative Law Judge ruled that "the [Defendant was] entitled to a partial decision in its favor on [Plaintiff's] hostile environment harassment claims on the grounds of race, sex, and reprisal." As for the retaliation claim, and based upon the February 2016 events, the ALJ ruled "that [Plaintiff] was not 'aggrieved' as to her claims of disparate treatment" and "did not suffer a present harm or loss with respect to any term, condition, or privilege of employment." "The Agency [Veterans Affairs] articulated legitimate, non-discriminatory reasons for its [February] actions."

On April 3, 2019, Defendant filed a "Motion to Dismiss, or in the alternative, Motion for Summary Judgment." (Doc. 15). On May 7, 2019, Plaintiff filed a "Motion to Defer" a ruling on those motions. (Doc. 19).

## II. <u>DISCUSSION</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Id</u>. at 546. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper[-]technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-"that the pleader is entitled to relief,"" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 326 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490

U.S. at 327; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir.014).

A plaintiff must exhaust all administrative remedies prior to filing suit in federal court under Title VII. The Supreme Court recently decided in Fort Bend Co., Texas v. Davis that failure to exhaust is grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) rather than 12(b)(1). 587 U.S. ___ (2019). The content of the administrative charge determines the scope of a plaintiff's right to file a federal lawsuit. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). A plaintiff may only bring suit in federal court for complaints "stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint." Evans v. Techs. Application & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). In addition to including the discriminatory event in the original charging document, a "federal employee must begin EEO counseling 'within 45 [forty-five] days of the matter alleged to be discriminatory or, in the case of personnel action, within 45 [forty-five] days of the effective date of the action.'" Guerrero v. Lynch, 621 Fed. App'x 755, 756 (4th Cir. 2015); (quoting 29 C.F.R. § 1614.105(a)(1)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (allegations made by the pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of the complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also

Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Construing Plaintiff's Complaint liberally, she has failed to plausibly state a claim for unequal terms and conditions of employment, retaliation, and hostile work environment.

Plaintiff has failed to allege facts showing that the terms and conditions of her employment were unequal to a similarly situated employee based upon race and/or gender. She did not suffer an adverse employment action of the requisite magnitude to support a retaliation claim. Burlington N. and Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) (a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, "[meaning it might have] 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" This element of materiality distinguishes significant harms from trivial ones.) (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). She has also failed to allege conduct on Defendant's part that was sufficiently severe and pervasive to support a claim for hostile work environment. Ziskie v. Mineta, 547 F.3d 220, 227 (4th Cir. 2008)(the environment must be perceived by the victim as hostile or abusive, and that perception must be reasonable); Farragher v. City of Boca Raton, 524 U.S. 775, 778 (1998)("offhand comments, and isolated incidents (unless extremely serious)" will not sustain a hostile work environment claim).

Plaintiff also failed to allege the September 15, 2017 event in her initial or amended EEO Complaints and failed to begin EEO counseling within forty-five days of the alleged discriminatory act or personnel change that took place on December 20, 2015. Similarly, Plaintiff failed to include alleged acts of discrimination that took place on September 20, 2016 and September 29, 2016 in her initial or amended Complaints. Smith v. First Union Nat'l Bank, 202

F.3d 234, 247 (4th Cir. 2000) (the content of the administrative charge determines the scope of a plaintiff's right to file a federal lawsuit).

At most, the Complaint shows her disagreement with management over her job description and performance. For that reason, as well as the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that the "Motion to Dismiss" be <u>granted</u>.

### III. <u>ORDER</u>

**IT IS HEREBY ORDERED** that:

1. All further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

2. Plaintiff's "Motion to Defer" is **DENIED**.

### IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

### V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising

7

such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: July 25, 2019

David S. Cayer
United States Magistrate Judge